UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

JOSUE ARAUZ MENDOZA, and all others similarly situated

       Plaintiff,

vs.

SUPRA SECURITY, INC., and
ASDEL VAZQUEZ

       Defendants.
_____/

# COMPLAINT

COMES NOW Plaintiff JOSUE ARAUZ MENDOZA ("MENDOZA"), by and through her undersigned attorney, and hereby sues Defendants, SUPRA SECURITY, INC. ("SUPRA"), a Florida Corporation, ASDEL VASQUEZ, individually, and as grounds alleges:

## JURISDICTIONAL ALLEGATIONS

1. This is an action to recover monetary damages, liquidated damages, interests, costs and attorney's fees for willful violations of overtime wages under the laws of the United States, the Fair Labor Standards Act, 29 U.S.C. §§201-219) ("the FLSA").

2. Plaintiff is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court.

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 because this action involves the Fair Labor Standards Act, 29 U.S.C. §§201, *et seq.*, a federal statute.

4. Venue is proper in this district pursuant to 28 U.S.C. §1391(c) and (d).

5. Defendant SUPRA is a Florida corporation which regularly conducted business within the Southern District of Florida. SUPRA, which sell cell phone accessories and repair cell phones.

6. SUPRA is and, at all times pertinent to this Complaint an enterprise engaged in commerce, as it had two or more employees on a regular and consistent basis handle goods and/or materials that had moved in interstate commerce. Specifically, Plaintiff and at least one other employee of SUPRA would routinely handle cell phones, walkie talkies, vehicles and uniforms that were manufactured outside the State of Florida. The cell phones, walkie talkies, vehicles and uniforms handled by Plaintiff and at least one other employee on a regular and consistent basis, had travelled in interstate commerce. Furthermore, SUPRA, by and through their employees, obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business and transmits funds outside the State of Florida.

7. Upon information and belief, the annual gross revenue of SUPRA was at all times material hereto in excess of $500,000.00 per annum. SUPRA gross annual revenue in excess of $500,000, for the years of 2019 and 2020.

8. By reason of the foregoing, SUPRA is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s) and/or Plaintiff is within interstate commerce.

9. The individual Defendant, ASDEL VAZQUEZ, is an "employer," as defined in 29 U.S.C. § 203(d), as he has operational control over the Defendant corporation and is directly involved in decisions affecting employee compensation and hours worked by employees such as

Plaintiff and opt-in plaintiffs. Defendant ASDEL VAZQUEZ controlled the purse strings for the corporate Defendant. Defendant ASDEL VAZQUEZ hired and fired employees, determined the rate of compensation and was responsible for ensuring that employees were paid the wages required by the FLSA.

### COUNT I: UNPAID OVERTIME WAGES

10. Plaintiff re-alleges and re-avers paragraphs 1 through 9 as fully set forth herein.

11. Plaintiff was employed by the Defendants as a non-exempt employee who performed her duties as a security guard for Defendants within South Florida.

12. Plaintiff was employed from on or about July 2019 through the present and ongoing time.

13. Plaintiff's hourly rate was initially $10/hr. and Plaintiff received raises to $12/hr.

14. Defendants were required to pay Plaintiff overtimes wages. Plaintiff was not paid all his overtime wages at a rate of time and one half, when he worked more than 40 hours per week.

15. Plaintiff was not paid all his overtime wages when he worked more than 40 hours a week. Accordingly, Plaintiff claims the halftime rate for each hour worked over 40 hours weekly and the full time and one half overtime rate for any hours over 40 that were completely uncompensated.

16. Plaintiff seeks overtime wages, throughout his employment, for any week in which his overtime hours were paid below the rate of time-and-one-half the regular rate of pay.

17. For instance, when Plaintiff's rate of pay was $12/hr., Plaintiff should have been paid a rate of $18/hr. During several weeks in July and August 2020, Plaintiff was paid a rate of $15/hr. instead of $18/hr.

18. The FLSA requires that employees be paid overtime hours worked in excess of forty (40) hours weekly at a rate of time-and-one-half the regular rate. As set forth above, Defendants failed to comply with Title 29 U.S.C. § 201-219 and 29 C.F.R. §516.2 and §516.4 <u>et seq</u>. in that Plaintiff performed services and worked in excess of the maximum hours provided by the FLSA but no provision was made by the Defendants to properly pay him at the rate of time and one-half for all hours worked in excess of forty (40) per workweek as provided in the FLSA.

19. Defendants knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act. Defendants were aware of Plaintiff's work schedule and further aware that Plaintiff was working more than 40 hours per week. Defendants were aware of Plaintiff's pay records and the rate that he was being paid for his hours. Defendants purposely set up their payroll practices so that Plaintiff would be paid for less than the required overtime rate. Upon information and belief, Defendants pay other employees in the same manner. Despite Defendants' having knowledge of Plaintiff's hours and their failure to pay Plaintiff the correct overtime wages, Defendants did not change its pay practices and continued to fail to pay Plaintiff, and those similarly situated, the overtime wages he was due. Thus, Defendants continue to willfully violate the FLSA.

20. The similarly situated individuals are those individuals whom were employed by the Defendants as security guards, like the Plaintiff, and whom were not paid overtime wages.

21. Plaintiff has retained the law offices of the undersigned attorneys to represent him in this action and is entitled to award of reasonable attorney's fees.

WHEREFORE, Plaintiff requests compensatory and liquidated damages, and reasonable attorney's fees and costs from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for overtime owing from Plaintiff's

entire employment period with Defendants, or as much as allowed by the Fair Labor Standards Act, whichever is greater, along with court costs. In the event that Plaintiff does not recover liquidated damages, then Plaintiff will seek an award of prejudgment interest for the unpaid overtime, and any and all other relief which this Court deems reasonable under the circumstances.

## JURY DEMAND

Plaintiff and those similarly-situated demands trial by jury of all issues triable as of right by jury.

Dated: January 5, 2021.

Law Office of Daniel T. Feld, P.A.
*Co-Counsel for Plaintiff*
2847 Hollywood Blvd.
Hollywood, Florida 33020
Tel: (954) 361-8383
Email: DanielFeld.Esq@gmail.com

*/s Daniel T. Feld*
Daniel T. Feld, Esq.
Florida Bar No. 37013

Mamane Law LLC
*Co-counsel for Plaintiff*
10800 Biscayne Blvd., Suite 650
Miami, Florida 33161
Telephone (305) 773 - 6661
E-mail: mamane@gmail.com

*s/ Isaac Mamane*
Isaac Mamane, Esq.
Florida Bar No. 44561